## WM. PERRY *v.* A. J. McLAIN.

1. CHANCERY COURT. *Specific performance. Statute of frauds.*
   While an oral agreement to rescind a written contract for sale of land cannot be enforced, it may present a good ground for refusal by the chancery court to specifically enforce the written contract of sale.

2. SPECIFIC PERFORMANCE REFUSED. *Case in judgment.*
   Where the vendor of land by title-bond agrees verbally with the vendee, who has not paid the purchase-money, to rescind and cancel the sale and submit to arbitration the matter of the indebtedness, and, under this agreement, arbitration is had and an award made, the chancery court may, for that reason, refuse to grant specific performance of the contract of sale, notwithstanding the agreement to cancel, being verbal, is one that cannot itself be enforced.

APPEAL from the chancery court of Itawamba county.

HON. BAXTER McFARLAND, Chancellor.

Bill for specific performance of contract of sale of land. Wm. Perry sold the land in question to A. J. McLain in 1882, taking therefor five installment notes and giving to McLain his bond for title, conditioned to make deed upon payment of the notes.

During the years 1883 and 1884 McLain made payments on the notes sufficient to discharge the first note and pay a small amount on the second. No further payments were made, and after the maturity of all the notes Perry tendered a deed and demanded payment of the notes, and this being refused, filed this bill praying for a specific performance.

The answer of McLain sets up that after the maturity of the notes, and only a few days before the filing of the bill, he and Perry agreed verbally that the latter would cancel the trade and all the papers pertaining thereto and submit to arbitration to determine what would be a reasonable rent for the use of the land to be paid by McLain, and what would be a reasonable valuation for the improvements thereon to be paid by Perry the vendor. Whatever balance might be ascertained upon an accounting on this basis was to be paid by him against whom it was awarded. Under this agreement, two arbitrators were chosen and returned an award to

the effect that the vendor, Perry, should pay the vendee, McLain, eighty dollars and surrender the notes, and that McLain should give up the title-bond..

The answer further contains an offer to perform the award and relies on it as a reason why a court of equity in its discretion will refuse to enforce the contract of sale.

Other matters were set up in the answer, but they are not important here in view of the decision of the court.

The cause was submitted to the chancellor upon the bill and answer, by agreement of both sides, that the court might decide upon the legal effect which the submission and award had upon the legal title to the land, and whether such verbal agreement and award operated as a bar to the suit by complainant for specific performance. Decree for defendant. Complainant appealed.

*Newnan Cayce,* for appellant,

Upon the point decided by the court, urged the following reasons and authorities: The title-bond vested in appellee, the equitable interest and ownership in the land. *Strickland* v. *Kirk,* 51 Miss. 795. A verbal contract for the sale of said interest was within the statute of frauds and void. 2 Washb. Real Pro. 112, § 12 ; *Connor* v. *Tippett,* 57 Miss. 595 ; Browne Stat. Fr., § 229. Such a contract is invalid for all purposes, and furnishes no basis, either for offense or defense. It is equally without avail to vendor or vendee. Ib., §§ 131, 263. The verbal agreement to cancel was executory, and imposed no legal obligations on either party, and could not be enforced. *Hairston* v. *Jordan,* 42 Miss. 380 ; *Vick* v. *Ayres,* 56 Miss. 670; Browne Stat. Fr., § 115. If the agreement to cancel could not be enforced in a proceeding for the purpose of compelling performance, upon what principle should it be enforced *as a defense ?*

If it is valid for one purpose, it should be valid for all, and *vice versa.* There is no exception in the statute, and the courts will engraft none. *Box* v. *Stamford,* 13 S. & M. 95 ; *Fisher* v. *Kuhn,* 54 Miss. 480. The agreement to cancel being void, the alleged verbal submission and award were also void. Caldwell on Arbitration 36, § 1; *McMullen* v. *Mayo,* 8 S. & M. 303 ; *Metcalf* v.

*Brandon,* 58 Miss. 842.    If a verbal agreement to cancel an ex-
ecutory contract in writing for the sale of lands be admitted to be
valid, upon the same principle a subsequent variation might be
shown, resting on parol, either in the terms or time of performance.
The vendee, as in the case at bar, could use and enjoy the profits of
the land for years, and then when sued say to the vendor, "You
agreed in parol to cancel the trade. I have your bond, and I have
the land, and you can get neither."

*Clifton & Eckford,* for appellee.

We concede that a vendee of land who goes into possession under
title-bond, and who has made a partial payment, has an equity in
the land, and that under our statutes this equity is vendible under
execution. Code 1880, § 1204 ; *Adams* v. *Harris,* 47 Miss. 144.
We concede, further, that this equity cannot be assigned, trans-
ferred, or sold to a third party except by writing. *Connor* v. *Tippett,*
57 Miss. 594. But can the parties to a sale of land by title-bond
*rescind* the contract or *waive* their rights under the contract, or
abandon the contract by a parol agreement? That such an agree-
ment is not prohibited by the statute of frauds and may be set up
in equity as a defense to the action for the specific performance of
the original written contract, there is no sort of doubt. Browne
on Stat. Fr., §§ 430, 433, 435, 436 ; Sugden on Vend. 177–179 ;
1 Greenl. Ev., § 302 ; *Stevens* v. *Cooper,* 1 Johns. Ch. 429 ; *Walker*
v. *Wheatley,* 2 Humph. 119 ; *Dearborn* v. *Cross,* 7 Cowan 48 ;
*Sims* v. *Boaz,* 11 S. & M. 318 ; 14 Johns. 330 ; 4 Bibb. 195.
This principle of law, which is sometimes classed as an exception
to the rule of evidence which prohibits parol evidence to contradict
a writing, is similar and closely connected with the principle which
makes a distinction between the *contract* itself, and the *performance*
of it, which may be proved by parol. Browne on Stat. Fr., §§ 413–
423 ; *Stowell* v. *Robinson,* 32 Eng. Com. Law (3 Bing. N. C. 938)
425 ; *Cummings* v. *Arnold,* 3 Metc. 488 ; *Stearns* v. *Hall,* 9 Cush.
31–34.

The subsequent refusal of the appellant to abide by the award
was sufficient excuse for the non-delivery of the title-bond by
appellee. 2 Story Eq., § 1522 ; *Jones* v. *Loggins,* 37 Miss. 553 ;
*Sims* v. *Boaz,* 11 S. & M. 318.

By the parol waiver the relative obligations by the title-bond were annulled, and the land became liable to execution against Perry. *Bell* v. *Flaherty,* 45 Miss. 696; *Taylor* v. *Lowenstein,* 50 Miss. 278; *Strickland* v. *Kirk,* 51 Miss. 795.

CAMPBELL, J., delivered the opinion of the court.

· Although the oral agreement to rescind the contract of sale was not such as a court would specifically enforce, it presents a good ground for refusal by the chancery court to specifically enforce the original contract in writing for the sale of the land. *McCorkle* v. *Brown,* 9 Sm. & M. 167; *England* v. *Jackson,* 3 Humph. 584; 1 Story's Eq. Jur., § 770; 2 Reed on Stat. Frauds, § 471; Fry on Spec. Perf., § 693; Waterman on Spec. Perf., § 489.

*Affirmed.*