## M. B. LEE *v.* A. E. HAWKS.

68  609
76  635

1. STATUTE OF FRAUDS. *Written contract. Parol waiver of stipulation.*
   In cases within the statute of frauds an action cannot be maintained upon
   a contract not in writing ; but in a controversy between parties to a
   written contract, an executed parol agreement to waive a particular pro-
   vision in the contract may be shown.

2. SAME. *Waiver of right to cut timber. Damages.*
   One in possession of land under a written lease for a term of years, who has
   the right by the contract to cut timber, but who, for a valuable consid-
   eration, waives this right, is liable in damages for timber afterwards cut
   on the land, though the waiver is by parol. The statute of frauds is no
   answer to the action.

FROM the circuit court of De Soto county.

HON. JAMES T. FANT, Judge.

On August 7, 1889, the appellant, Lee, by contract in writing, leased to Hawks certain land for the term of three years. Under the contract Hawks was to cut and use the growing timber on a part of the land, and was to have the privilege of cultivating the land so cleared during his term. About eight months after the lease was executed, the parties got into a controversy. Lee charged that Hawks had destroyed some shade trees on the place, and had violated the terms of the lease. He employed an attorney to bring a suit for damages, and Hawks employed an attorney to defend. The parties having met on the leased premises, Hawks proposed to Lee that if he would not sue, he (Hawks) would waive his right under the contract to cut and use the green timber on the place. This was agreed to, and thus the matter was adjusted by parol. Thereafter, Lee sued Hawks for cutting certain trees on the place after this verbal agreement. The timber so cut was authorized to be taken by the original contract of lease.

Upon the trial the above facts were shown, and the court instructed the jury to find for the defendant, and judgment was entered accordingly, from which the plaintiff appeals. The opinion contains a further statement of the case.

*Powel & Powel,* for appellant.

The agreement insisted upon by the plaintiff in the court below is not a contract for the sale of land; nor is it an agreement for the lease of land for a longer period than one year. Nor is it a contract for the sale of timber. It is not necessary that every contract relating to land should be in writing. A parol agreement for partition followed by possession is good. *Wildey* v. *Bonney,* 31 Miss. 644.

Lines between adjoining land owners may be fixed by parol. In this case, by the verbal agreement, there was no sale of land or timber; nor was there a lease of land. There was simply a waiver of the right under a contract of lease to cut timber, which, we think, can be shown by parol, notwithstanding the statute of frauds.

*A. M. Solomon,* for appellee.

Under the statute of frauds a verbal agreement could not be shown to contradict the written contract of lease, which had more than two years to run. 1 Greenleaf Ev. §§ 302, 305.

Defendant having, by a written contract, acquired a right to the timber which was not severed from the soil, the alleged sale or re-transfer of the trees to plaintiff under a verbal contract was within the statute of frauds. This was transferring an interest in land. *Harrell* v.*Miller,* 35 Miss. 700.

Defendant insists that the verbal contract is within the statute of frauds, because it was attempted thereby to convey an interest in growing timber, which is conveying an interest in land. 1 Benjamin on Sales, p. 153 and notes. And, further, because the performance of the verbal contract required more than one year.

The original written contract could not be varied by a subsequent parol agreement. 1 Benjamin on Sales, p. 227 and notes.

*Calhoon & Green,* on the same side.


WOODS, J., delivered the opinion of the court.

It may be admitted that a contract for the sale of growing timber is within the statute of frauds, and must be in writing, but this

does only touch the point involved in the ruling of the court below by which the parol evidence offered was excluded.

This suit is for the recovery of damages for trespass in cutting certain trees on lands belonging to plaintiff, and is not an action on a contract required to be in writing. The contract of lease, under which defendant went into possession of the premises for a term of three years, was read to the jury in the examination of the plaintiff on the trial of the cause, by which it was shown that the defendant acquired the right to cut and use the trees in question. As this alone would have defeated a recovery by plaintiff, he then offered to prove a parol agreement, made subsequent to the execution of the lease, by which, for a valid consideration, as was offered to be proven, the defendant waived his right to cut and use the timber, by way of meeting the defense made for the defendant by the contract of lease.

In effect, the matter stands as if plaintiff had sued for the trespass, and defendant had pleaded justification under the written contract; and plaintiff had then offered to prove the parol agreement by way of answer to the plea.

The statute of frauds debars one of an action on a contract, in certain cases, unless the contract be in writing; but a parol agreement to annul or waive a particular stipulation in the written contract which has been mutually assented to and fully performed, may be offered in evidence in defense of an action for a breach of the original written contract. An action may not be maintained, in cases within the statute, upon a contract not in writing; but a defense may be made by showing an executed parol agreement waiving or annulling a particular provision of the written contract.

The subject is not free from difficulty, and the discussions by text-writers, and the opinions of courts in reported cases, are full of subtle distinctions and refinements; nor is the current of authority clearly bent in any direction.

The views briefly advanced hereinbefore are supported by some excellent authorities, and are agreeable to reason and justice.

Benjamin in his admirable work on Sales, p. 229, states the rule with his usual clearness : " Parol evidence to prove, not a substi-

tuted contract, but the assent of the defendant to a substituted mode of performance of the original contract, when that performance is completed, is admissible."

See *Swain* v. *Seamens*, 9 Wall. 254; *Jackson* v. *Litch*, 62 Pa. St. Rep. 451; *Long* v. *Hartwell*. 34 N. J. Law, 116; Reed on Statutes of Fraud, § 239.

*Reversed and remanded.*