## KELLY *v.* SKATES.

[78 South, 945, Division B.]

1. STATUTE OF FRAUDS. *Contract for sale of lands. Creation of trust by parol. Construction of agreement.*

Section 4780-4781, Code 1906 (Hemingway's Code, section 3124-3125), providing that a contract for the sale of lands or a declaration of or the creation of any trust or confidence, must be in writing, signed and acknowledged, and filed with the clerk of the chancery court of the proper county for record was not violated where a deed of trust provided that the trustee should make sale of the lands, in front of the mortgagee's store and an oral agreement was made at the request of the mortgagee

to obtain better bidding, that the land was to be sold at another place, which was accordingly done.

2.  EVIDENCE. *Parol evidence. Mortgage. Stipulated place of sale.*
Such parol agreement only pertained to one of the material conditions upon which the trustee could exercise his power of sale and was a valid and lawful agreement.

3.  MORTGAGE. *Sale under deed of trust. Place of sale. Estoppel.*
In such case the mortgagor's statement that if the land was going to be sold, he wanted it sold at another place, where there would be some body to bid on it, upon which the land was advertised for sale at the place mentioned by him and he was duly informed of the time and changed place and made no objection and had an opportunity to be present, he by his words and conduct was estopped to now question the validity of the sale.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Ejectment by G. W. Skates against Marcus Kelly. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. M. Shelton* and *Marcus Kelly,* for appellant.

It is settled law that, if the place where sale shall be made, is specified in a deed of trust or mortgage with power of sale, it must be followed strictly, or, as the rule is laid down in the citation to "cyc," which will be made next below. "Strictly obeyed," See 27 Cyc., page 1476, sub-division 2; "Place of sale," see *Patterson* v. *Reynolds,* 19 Ind. 148; *Chandler* v. *Peters* (Texas Civ. App. 1898), 44 S. W. 867; *Fry* v. *Old Dominion Bldg. & Loan Ass'n* 48 W. Va. 61, 35 S. E. 842; all cited in the citation to "Cyc" just made, to support the text of the same. See, too, 45 Ill. 493, and that case citing, in turn, *Thornton* v. *Boyden,* 31 Ill. 200; see, also, 3 Jones on Mortgages (7 Ed.), sec. 1846, page 543, where the rule announced is stated in the following forcible and emphatic language: "But if the deed specifies the place of sale, it must be made

there," and the same cases that are cited in the citation to "Cyc." just made, are cited to support the same. Section 1846, Jones on Mortgages; *Webb* v. *Haeffer,* 53 Md. 187; *Rice* v. *Brown,* 77 Ill. 549; and *Beitel* v. *Dobbin* .(Texas), 44 S. W. 299; *Boone* v. *Miller,* 86 Texas, 75, *Howard* v. *North,* 5 Texas, 290.

Many other authorities could be cited to the same effect as those that have been cited, but I forbear to cite more as those cited are most ample. I submit, to sustain the proposition stated in the opening of this brief as settled law, and do, I also submit, fully sustain it, while not even one single authority has been found in the search which I have made that stands in opposition in the least.

It being the law that a valid sale under a deed of trust, a sale which will impart to, and vest in a purchaser, title to property embraced in the deed of trust sold, can be made only at the place named in, and fixed by, the instrument itself for sale, it follows as certainly as the night the day, that the appellee had not, and has not, even a vestige or shadow or semblance of title to the parcel of land in controversy, for the only title that he ever claimed, was that which he claimed to have acquired by the attempted sale shown, admittedly made in front of the postoffice in the town of Utica, under the deed of trust executed by the appellant to J. M. Shelton, trustee, in which he (appellee) was the beneficiary, and in which and by which G. W. Skates' store was expressly fixed as the place, at which sale should be made in case of default in the payment of the indebtedness secured thereby, and by the so-called deed from said trustee to him in attempted consummation of such attempted, so-called sale.

That so-called sale, as a like so-called sale was characterized in *Texas Loan Agency* v. *Gray, ubi supra,* was simply "an ineffectual attempt at sale," a nullity, void for all purposes, without power either to construct

or destroy—to vest or divest; and, clearly no title was imparted to, or vested in, the appellee by the same and said so-called trustee's deed to him made in attempted consummation thereof.

In the court below, the contention was strenously made, as, beyond all doubt, it will be in this court, since, on the record, there is not a vistage of ground upon which to base any other contention for the appellee, that in as much as, according to a preponderance of the testimony offered, it was at the instance and request of the appellant, and because of such request, that change in the place of sale was made, and the sale was made in front of the postoffice in the town of Utica, instead of at G. W. Skate's store. The place named in the deed of trust in question for sale, the appellant was bound by sale so made, and the title to the parcel of land in controversy passed thereby and by said, trustee's deed to the appellee, and became vested in him; and the court below took that view and instructed the jury accordingly, giving the instruction for the plaintiff, in accordance with that view, to be found copied on page 65 of the Transcript, and the giving of which is assigned for error in the first specification in the assignment of errors.

I submit that such view was an entirely erroneous view, and that it was error to give such instruction. Certainly, such view was founded in no known principle of law, and there is none to sustain it or give support to it. It was not the principle of estoppel, for the learned Judge, who presided in the court below, responding to the contention of Counsel in the trial in that court, that the defendant was estopped by reason of his request of the plaintiff, that change be made in the place of sale, as testified to by the plaintiff's witness, to controvert the validity of such sale because of such change and the making of sale at another place than that named in the deed of trust, under which sale

was made, announced as his conclusion and held that nothing in the testimony in the case, nor all of the testimony taken together, even though all true had or could have the effect of operating by way of estoppel against the defendant in such a manner or to such an extent, a conclusion and holding directly in line with the view which I had entertained all the while, and an entirely sound and correct conclusion and holding I submit.

Even if the defendant did make of the plaintiff the request for the change in the place of sale, as testified by the latter and his witnesses but flatly denied by the former, and sale was made accordingly because of such request, that did not cause an estoppel to arise against the former, as it was contended in the contention just referred to; that it did, for the plaintiff was possessed of full knowledge of all the facts and circumstances connected with the whole transaction involved and there is nothing in the testimony showing, or tending to show any fraud or misrepresentation practiced, or attempted to be practiced by the defendant upon the plaintiff, or any attempt or purpose on the part of the former to mislead or deceive the latter in any way, or to entrap him into the doing of anything that would work to his disadvantage and to the defendant's advantage.

I lay down the proposition, that a change in the place of sale named in a deed of trust, can be made only by a writing of equal dignity with, executed with the same solemnity as, the original deed of trust, itself a writing, signed and acknowledged by the maker who declared or created the trust, acknowledge, by him to prove as other writings, and lodged with the clerk of the chancery court of the proper county to be recorded, to take effect only from the time that it is so lodged for record, as provided and required by section 4780 of the Code of 1906.

The terms and provisions embodied in a deed of trust, constitute a contract between the maker and the *cestui que trust,* or beneficiary, and an essential one of the terms and provisions one of the most essential, in truth, in the case of a deed of trust executed to secure an indebtedness, is the place named at which sale shall be made, in case of default in the payment of the indebtedness secured. The authorities which I have already cited in this brief, and many others that could be cited, are uniform, without exception, so far as I have found in declaring or holding that the place named in such an instrument, must be strictly followed or obeyed, thus attesting the essentialness of the place of sale. The place of sale, then, being part of the very essence of the contract embodied in the instrument, it necessarily follows that a change therein cannot be lightly made and can be made, in fact, only by an instrument of equal dignity with, executed with the same solemnity as the original instrument, itself, as I have indicated above. This view, I submit, is borne, out by section 4781 of the Code of 1906, which, dealing with grants, assignments and transfers in regard to trust or confidence, contains the identical provisions respecting the execution of all such instruments, with the provisions contained in the next preceding section, referred to above, respecting the execution of original instruments declaring or creating trusts or confidence, declares that all such grants, assignments and transfers shall be utterly void, unless so executed.

*M. Ney Williams,* for appellee.

This case presents to this court the solution of a legal problem, yet unsolved and unsettled by the authorities of this state, so far as I am able to find from a careful search of the opinions of this honorable court, and which is conceded to be true by learned

counsel on the other side of this controversy. The only question involved in this case, and the only one to be settled, is whether or not the changing of the place of sale from that named in the deed of trust to another place, so vitiated the sale that it is void and of no force and effect." It is of course argued by counsel for appellant that the sale was void under the circumstances of this case, and that appellee had no title passed to him by the trustee's deed to the land and many cases are cited to sustain his view, but not a case in point with the facts of the case at bar, the case cited by appellant makes no mention of the grantor in the deed of trust personally consenting and agreeing and even requesting that the place of sale be changed, but are absolutely silent on this proposition.

This is purely a case where the appellant, for reasons beneficial to himself personally requested that the place of sale be changed from that named in the deed of trust to another place and in making this request he (appellant), was the only person that could possibly receive any benefit. Apparently, the, appellant was still acting in good faith in personally requesting a change of the place of sale, as he expressed a desire to have it sold at Utica so that he might be able to either have bidders, or have a man to buy it in for him. The request came from him and he was the only party interested that could gain anything by the charge, as appellee could have sold the land at Skate's store as was provided for in the deed of trust, and could have bid the land in there without leaving his place of business and riding six miles to Utica to make his bids and protect his interests.

Appellant's whole contention throughout this case is that the transaction is null and void and without force and effect because of the fact that appellant did not execute a written instrument, which should have been duly recorded authorizing the making of the change in

the place of sale. This argument might be sound and safe in principle if appellee had changed the place of sale from that named in the deed of trust without notice to appellant, and for some reason beneficial to himself, but certainly it cannot be said that this is the principle and meaning of the law, when appellant had the place of sale changed for purposes only beneficial to himself. The opportunity for bidders in Utica, a town of five hundred population, would have reasonably been more numerous than the opportunity at Skates' store, where there only lived one man, and he was the beneficiary in the deed of trust. No claim can be made that appellant did not have due notice that the sale was to be made at Utica, instead of Skate's store, unless the testimony of appellee, J. M. Shelton, the trustee, and Yates is to be disbelieved, as the evidence of these three men show very conclusively that the place of sale would have never been changed, if the same had not been personally requested by appellant.

There were no errors in the trial of this case, and I confidently expect and request an affirmance of the case.

*W. C. Wells* and *L. Barrett Jones,* for appellee.

The sole contention of the appellant is that the sale of the land in front of the post office at the town of Utica instead of at Skate's store, the place designated in the deed of trust for a sale, should a foreclosure be had, renders the sale void and of no effect, because the agreement by which the sale was had at Utica was not in writing, duly executed and recorded in the manner that deeds of trust themselves are executed and recorded; his contention being that an oral agreement to change the place of sale is not binding on the mortgagor, the appellant in this case.

The appellee's contention is that the oral agreement is binding, and that, having secured the consent of the

beneficiary, the appellee, to a change of the place, the appellant is estopped to deny the validity of the sale.

That there was such an oral agreement is established by the jury's verdict; whether or not there was such an agreement was submitted to the jury under proper instructions, and, by returning a verdict for the appellee, they have decided that there was.

It is undoubtedly true that a sale under a deed of trust must take place at the place named therein for such sale unless there be an agreement to change the place of sale, and the many cases cited by the appellant on this proposition do nothing towards aiding in the decision of the case at bar. See 63 S. W. 80; 162 Mo. 442; *Norwood* v. *Lassiter*, 43 S. E. 509, 132 N. C. 52.

Counsel for appellant states that he cannot find a case in point in the reported cases of the United States, but we think that we have found a case on all-fours with this case as far as the principle of estoppel is concerned; a case in which the mortgagor, by his oral request, had the place of sale changed, and we will now cite it.

This case is the one of *Chandler* v. *Peters*, 44 S. W. 867, relied on by the appellant to sustain his argument, but which, as we expect to show, sustains our contention *in toto*. In that case the Texas court of civil appeals said: ''Where one makes a deed of trust which provides that when the lands conveyed are sold, the sale thereof shall take place in a certain county, if the grantor induces the sale of the land to be made in another county, instead of the county named in the trust deed, and is present and encourages the sale of the premises, and any one is induced thereby to buy the land, the grantor is estopped from denying the validity of the sale.''

The only difference between that case and the one at bar is that Chandler appeared on the ground and urged bidders to purchase his property, while, in this instant case, the appellant satisfied himself with asking

the appelllee to have the place of sale changed, stating that he, appellant, would have a man there to look after his interests. Counsel for appellant probably realizing that this case supports our contention in its entirety, attempts to induce the court to believe that the Texas court grounded its decision that Chandler 'was estopped, on the fact that Chandler appeared at the sale and encouraged bidding. This, we submit, is not correct, as a careful reading of the case will show, and we call the court's attention to the following language in the opinion: ''If appellant, by his words or conduct, induced the sale of the land to take place in Polk County, instead of Galveston County . . . , he will be estopped to deny the validity of the sale.

If the appellant is heard to deny the validity of the sale, what will be the result? What will he gain? The result will be, with the debt barred by the lapse of time, that he will be in both Mr. Skates' five hundred, fifty dollars and the interest thereon, and his place, and be out of nothing. Will this court stand for such a proposition?

Counsel for appellant earnestly contends, however, that because the request for the change was not made in writing, duly signed, acknowledged, and recorded in the same manner that a deed of trust, itself must be, that the request was null, void and of no effect, and that any action taken under such request is null, void and of no effect.

To support his contention, Counsel relies on section 3124 of Hemingway's Code (section 4780, of Code of 1906), and on section 3125 of Hemingway's Code (section 4781 of the Code of 1906). The first mentioned section is in this language, towit: ''Hereafter, all declarations or creations of trust or confidence of or in any land shall be made and manifested by writing, signed by the party who declared or creates such trust, or by his last will, in writing, or else they shall be utterly

void; and every writing declaring or creating a trust shall be acknowledged or proved as other writings, and shall be lodged with the clerk of the chancery court of the proper county to be recorded, and shall only take effect from the time it is so lodged for record; but where any trust shall arise or result, by implication of law, out of a conveyance of land, such trust or confidence shall be of the like force and effect the same would have been if this statute had not been passed.''

The next section, 3125, reads: ''All grants, assignments or transfers of any trust or confidence shall likewise be in writing, signed by the party granting or assigning the same, or by last will and testament, or else they shall likewise be utterly void and such grant or assignment shall also be acknowledged or proved and recorded, and shall only take effect from the time it is lodged with the clerk for record.''

We earnestly submit that there is nothing whatever in either of these sections which supports the contention of appellant that an agreement to change the place of foreclosure of a deed of trust must be in writing, signed, acknowledged and recorded; nothing to support his contention that the instrument; or agreement changing the place must be evidenced by an instrument of equal dignity with the instrument creating the trust.

Section 3124 (4780), deals solely with the creation of trusts and confidences; and section 3125 (478), deals solely with the granting, assigning and transferring of a trust or confidence. There is not one word in either of them that even tends to prohibit valid or oral agreements, which are made subsequent to the creation of the trust, with respect to such matters as the place of foreclosure of the trust deed. The purpose of these sections was not to protect a mortgagor or mortgagee, but to prevent frauds on judgment creditors. It was a common practice before the passage of these acts for

the debtor, when his property was levied upon under any form of judicial process, to state that so and so had a lien upon the property, and there was always a "so and so" on hand to help him out in his fraudulent scheme, either a preferred creditor or some kinsman; and to defeat this practice, the legislature passed the above statutes, which are part of our statutes of frauds.

But, if there were any doubt about the construction of our statute of frauds, the supreme court of this state has long since settled the question adversely to the contention of the appellant. In the case of *Lee* v. Hawks, 68 Miss. 669, 9 So. 828, 13 L. R. A. 633.

In the case at bar, the appellant sought and obtained a parol agreement to substitute a different mode, or place, for the performance of the contract between himself and the appellee; and that agreement was carried out to the letter; and we, submit, the agreement must stand under the ruling in *Lee* v. *Hawks, supra.* Other Mississippi cases holding to the same view are: *Moore* v. *McAllister,* 34 Miss. 500; and *Washington* v. *Soria,* 19 So. 485, not officially reported; *Kelly* v. *Wagner,* 61 Miss. 299; *Vicksburg, etc., R. Co.* v. *Ragsdale,* 54 Miss. 200.

We now wish to present to the court our final reason why the appellant is not entitled to a reversal of this case. The defense offered by the appellant, if it be a defense, is a purely equitable one. This case was tried, by agreement, as an action of ejectment, and it is well settled law in this state that no equitable defense may be taken advantage of in an action of ejectment.

*Morgan* v. *Blewett,* 72 Miss. 903; *Graham* v. *Warren,* 81 Miss. 330.

Such is the law in this state, and being the law, it must preclude the appellant from offering his attempted defense in this action.

117 Miss.—57.

STEVENS, J., delivered the opinion of the court.

Appellee, Skates, instituted this action to recover possession of a certain tract of land then occupied by appellant, Marcus Kelly, the plaintiff alleging in his affidavit that he was the owner of the premises and legally entitled to the immediate possession thereof, and that the defendant, upon due notice, refused to vacate. On the trial of the case in the circuit court appellee relied upon a trustee's deed executed by the trustee in a certain deed of trust given by Kelly upon the premises in question to secure an indebtedness in favor of Skates. The cause was submitted to a jury, and there was a verdict and judgment in favor of the plaintiff, from which appellant appeals. The sole question raised by this appeal is the contention of appellant that the deed of trust provided that the trustee should make sale of the lands in front of G. W. Skates' store; that there was an oral agreement to change the place of sale, and that this agreement, being oral, was invalid, and that this "changing of the place of sale from that named in the deed of trust to another place so vitiated the sale that it is void and of no force and effect." The plaintiff contended and introduced testimony tending to prove that the indebtedness secured by the trust deed was long past due and unpaid; that demand was made upon Kelly for payment; that Kelly expressed himself as being unable to pay the debt; that plaintiff thereupon warned the defendant that he would be compelled to foreclose; and that Kelly thereupon stated "that if he was going to sell the land, he wanted to sell it at Utica, where there would be somebody to bid on it;" that thereupon the parties agreed that the sale would take place in front of the post office in the town of Utica; that due advertisement was made of the sale, and Kelly was informed of the time and the changed place, and made no objection to the sale tak-

ing place in the town of Utica. · There is testimony
tending to show that Mr. Skates' store was located in
a rural settlement some six miles from the town of
Utica, and that· there are no houses or industries there
except the one store and residence, the property of Mr.
Skates, while the town of Utica has several hundred
inhabitants, and was a more public place and more
available to prospective purchasers. · The testimony
tends to show also that appellant insisted upon the land
being sold in Utica, and that he told appellee that he
would have a man ready to pay the money or bid in
the place, and that one conversation to this effect took
place after the trustee in the deed of trust had in-
structions to sell, and after the trustee had informed
appellant that the sale would be made in the town of
Utica. There is no question of fraud or bad faith, and
no point is made upon the method of advertisement or
sale except as to·the place of sale.

Appellant submits that:

"The place of sale could not be changed from that
named in a deed of trust unless the change was made
by a written instrument, duly signed and acknowledged
with the same solemnity as the original deed of trust."

We do not believe the law so limits the right of
contract. The oral agreement to change the place of
sale does not, in our judgment, violate any statute of
our state. The agreement questioned was certainly not
a contract for the sale of lands, and was not a declara-
tion of or the creation of any trust or confidence in any
lands. Sections 4780 and 4781, Code of 1906 (Heming-
way's Code, section 3124 and section 3125), were not
violated. The oral agreement only pertains to one of
the material conditions upon which the trustee could
exercise his power of sale. The deed of trust was not
silent as to the place of sale, and under the general law
of contracts we see no obstacle in the way of the parties
changing the written stipulation as to the place·of sale

by an oral understanding. The combined efforts of counsel for both parties have failed to find or refer us to any case that directly bears upon the question, except the case of *Chandler* v. *Peters* (Tex.), 44 S. W. 867. There Chandler is the mortgagor, and himself made an oral request of the trustee to sell the lands in Polk county instead of Galveston county, and thereby induced the sale to be made at a place other than the one stipulated for in the writing. The court, speaking through FLY, J., observed:

"If appellant, by his words and conduct, induced the sale of the land to take place in Polk county instead of Galveston county, and was present and by his conduct encouraging the sale of the premises, and any one was induced by such acts to buy the land appellant would, we believe, be estopped from denying the validity of the sale."

The facts of that case may be somewhat stronger against the contention of appellant than the facts of the present case, but the principle, we believe, is essentially the same. There is no evidence that appellant here appeared at the sale and actively encouraged bidding. There was abundant evidence, however, that he requested that the sale be made in Utica, and that he was duly informed of the time and changed place, and had an opportunity of being present. He "by his words and conduct" is estopped now to question the validity of this sale. By his affirmative action he has caused the sale to be made at a place of which he now complains. The undisputed proof shows that Utica was a more advantageous place to sell. Frequently trustees in deeds of trust have been invested with a discretion in naming the place of foreclosure, and the right of the parties to so contract has not been challenged. Our court, in *Lee* v. *Hawks*, 68 Miss. 669, 9 So. 828, 13 L. R. A. 633, said:

"A defense may be made by showing an executed parol agreement waiving or annulling a particular provision of the written contract," and, quoting from Mr. Benjamin on Sales, "parol evidence to prove, not a substantial contract, but the assent of the defendant to a substituted mode of preformance of the original contract, when that performance is completed, is admissible."

Upon the sole contention here made, we think the learned circuit court committed no error in the instructions complained of, and the judgment of the lower court will be affirmed.

*Affirmed.*